IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **VERNON D.F. ROBBINS,** : | **CIVIL ACTION NO. 1:23-CV-276** |
| : | |
| **Plaintiff** : | **(Judge Conner)** |
| : | |
| v. : | |
| : | |
| **JOHN E. WETZEL,** *et al.*, : | |
| : | |
| **Defendants** : | |

## ORDER

AND NOW, this 31st day of March, 2023, upon consideration of plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 6), and the court concluding that there is good cause to grant the motion, and further upon consideration of plaintiff's complaint (Doc. 1) and amended complaint (Doc. 4) filed pursuant to 42 U.S.C. § 1983, wherein plaintiff asserts that the conditions of his confinement in the Huntingdon State Correctional Institution ("SCI-Huntingdon") violate his civil rights under the Eighth Amendment by increasing the chances that he will contract COVID-19, and the court observing that Section 1983 civil rights complaints brought by inmates in Pennsylvania are governed by Pennsylvania's two-year statute of limitations for personal injury actions, Wisniewski v. Fisher, 857 F.3d 152, 157 (3d Cir. 2017), and it appearing to the court that plaintiff's complaint is untimely under the two-year statute of limitations because plaintiff was aware of the conditions of confinement that give rise to his complaint on or before September 23, 2020, (see Doc. 4-4 at 2 (noting in prison grievance that plaintiff was released from restricted housing unit and placed in general population on September 23, 2020)),

but plaintiff did not file suit in this case until February 8, 2023, (Doc. 1 at 16); <u>see also</u> <u>Pabon v. Mahanoy</u>, 654 F.3d 385, 391 n.8 (3d Cir. 2011) (noting that under prisoner mailbox rule, document is deemed filed on the date incarcerated litigant submits it to prison officials for mailing), and it appearing to the court that plaintiff's complaint cannot be considered timely pursuant to the continuing violations doctrine because that doctrine does not apply when the conduct that gives rise to a plaintiff's complaint has a "degree of permanence which should trigger his awareness of and duty to assert his rights," <u>Wisniewski</u>, 857 F.3d at 158, and it appearing to the court that the conditions of plaintiff's confinement that give rise to his complaint have such a degree of permanence, (<u>see</u> Doc. 4 ¶ 33 (averring that the purportedly unconstitutional conditions of confinement have persisted "to this present day"), and the court observing that the limitations period for a Section 1983 action is tolled while a prisoner plaintiff attempts to exhaust administrative remedies, <u>see</u> <u>Pearson v. Sec'y Dep't of Corrs.</u>, 775 F.3d 598, 603 (3d Cir. 2015), and the court therefore concluding that the limitations period for plaintiff's complaint was tolled from October 15, 2020 to February 9, 2021, (<u>see</u> Doc. 4-4), but it appearing to the court that this tolling would not make plaintiff's complaint timely because at least 22 days had elapsed towards the end of the limitations period between plaintiff being released from the restricted housing unit on September 23, 2020 and filing his initial grievance on October 15, 2020, and plaintiff would therefore have needed to file his complaint within 343 days of the conclusion of his attempts to exhaust administrative remedies, or no later than January 18, 2023, to comply with the one-year limitations period, which would make his February 8, 2023 complaint untimely,

and the court observing that federal district courts may *sua sponte* dismiss complaints as untimely pursuant to the screening provisions of 28 U.S.C. § 1915 and 28 U.S.C. § 1915A if the untimeliness is clear from the face of the complaint or the court has given the plaintiff notice and an opportunity to respond with respect to the timeliness issue, see, e.g., Jackson v. Rodriguez, 728 F. App'x 78, 79 (3d Cir. 2018) (nonprecedential);[1] McPherson v. United States, 392 F. App'x 938, 943 (3d Cir. 2010) (nonprecedential); Haggard v. Mitkowski, No. 1:22-CV-1881, 2022 WL 17812445, at *4 (M.D. Pa. Dec. 19, 2022) (Conner. J.); it is hereby ORDERED that:

1. Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 6) is GRANTED.

2. Plaintiff shall pay the full filing fee of $350.00 based on the financial information provided in the application to proceed *in forma pauperis*. The full filing fee shall be paid regardless of the outcome of the litigation. Pursuant to 28 U.S.C. 1915(b)(1) and (2), the Superintendent/Warden, or other appropriate official at plaintiff's place of confinement, is directed to deduct an initial partial filing fee of 20% or the greater of:

   a. The average monthly deposits in the inmate's prison account for the past six months, or

   b. The average monthly balance in the inmate's prison account for the past six months.

   The initial partial filing fee shall be forwarded to the Clerk of the United States District Court for the Middle District of Pennsylvania, P.O. Box 1148, 235 N. Washington Avenue, Scranton, Pennsylvania, 18501-1148, to be credited to the above-captioned docket number. In each succeeding month, when the amount in plaintiff's inmate trust fund account exceeds $10.00, the Superintendent/Warden, or other appropriate official, shall forward payments to the Clerk of Court

---

[1] The court acknowledges that nonprecedential decisions are not binding upon federal district courts. Citations to nonprecedential decisions reflect that the court has carefully considered and is persuaded by the panel's *ratio decidendi*.

       equaling 20% of the preceding month's income credited to plaintiff's inmate trust fund account until the fees are paid. Each payment shall reference the above-captioned docket number.

3. The Clerk of Court is DIRECTED to send a copy of this order to the Superintendent/Warden of the institution where plaintiff is presently confined.

4. On or before **May 1, 2023**, plaintiff shall show cause as to why this case should not be dismissed as untimely pursuant to 28 U.S.C. § 1915 and 28 U.S.C. § 1915A.

                                      /S/ CHRISTOPHER C. CONNER
                                      Christopher C. Conner
                                      United States District Judge
                                      Middle District of Pennsylvania