IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **VERNON D.F. ROBBINS,** | : | CIVIL ACTION NO. 1:23-CV-276 |
| **Plaintiff** | : | (Judge Conner) |
| v. | : | |
| **JOHN E. WETZEL**, *et al.*, | : | |
| **Defendants** | : | |

### MEMORANDUM

This is a prisoner civil rights case filed pursuant to 42 U.S.C. § 1983. Plaintiff, Vernon D.F. Robbins, a prisoner in the Huntingdon State Correctional Institution ("SCI-Huntingdon"), alleges violations of his civil rights by SCI-Huntingdon and Pennsylvania Department of Corrections ("DOC") officials. Recognizing that the case appeared to be untimely pursuant to the two-year statute of limitations governing Section 1983 civil rights claims, we issued an order on March 31, 2023 raising *sua sponte* the issue of timeliness and directing Robbins to show cause as to why the case should not be dismissed as untimely. Robbins responded to the order on April 25, 2023. Having considered Robbins's response under the screening provisions of 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A, we will dismiss this case with prejudice as untimely.

**I.      Factual Background & Procedural History**

Robbins alleges that the conditions of his confinement—including double celling of inmates, an inoperable ventilation system, the lack of a master electronic locking system for cells, inadequate infirmary facilities, inadequate medical care,

overcrowding, understaffing, and inadequate social distancing measures—increase the risk that he will contract COVID-19. (See Doc. 4). Robbins sought administrative relief to remedy these claims through the filing of a prison grievance on October 15, 2020. (Doc. 4-4 at 2). His grievance was denied, and he unsuccessfully appealed the grievance through all stages of the DOC's administrative remedy process. (Id. at 4-8).[1] The administrative remedy process concluded on February 9, 2021, when the DOC's secretary's office of inmate grievances and appeals ("SOIGA") denied Robbins's final appeal. (Id. at 8).

Robbins filed his initial complaint on February 8, 2023, and the court received and docketed the complaint on February 15, 2023. (Doc. 1 at 16). The court issued a 30-day administrative order on February 15, 2023, requiring plaintiff to pay the requisite filing fee or move for leave to proceed *in forma pauperis* within 30 days. (Doc. 3). Plaintiff amended his complaint on March 7, 2023 and moved to proceed *in forma pauperis* on March 13, 2023. (Docs. 4, 6).

On March 31, 2023, the court granted plaintiff's request to proceed *in forma pauperis* and *sua sponte* raised the issue of timeliness, directing Robbins to show cause on or before May 1, 2023 as to why the case should not be dismissed as untimely. (Doc. 9). Robbins timely responded to the order on April 25, 2023, and moved to correct a clerical error in his response on April 27, 2023. (Docs. 10-11).

---

[1] This information is provided solely to determine the amount of time when the limitations period was tolled pursuant to Robbins's attempt to exhaust administrative remedies. Nothing in this opinion shall be construed as the court's ruling on the issue of whether plaintiff exhausted administrative remedies with respect to his claims.

Robbins's arguments as to why the case should not be dismissed are considered below.

## II.    Legal Standard

The Prison Litigation Reform Act authorizes a district court to review a complaint in a civil action in which a prisoner is proceeding *in forma pauperis* or seeks redress against a governmental employee or entity.  See 28 U.S.C. § 1915(e)(2);[2] 28 U.S.C. § 1915A.[3]  The court is required to identify cognizable claims and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is

---

[2] 28 U.S.C. § 1915(e)(2) provides:

**(2)** Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
   **(A)** the allegation of poverty is untrue; or
   **(B)** the action or appeal—
      **(i)** is frivolous or malicious;
      **(ii)** fails to state a claim on which relief may be granted; or
      **(iii)** seeks monetary relief against a defendant who is immune from such relief.

[3] 28 U.S.C. § 1915A provides:

**(a) Screening.**--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
**(b) Grounds for dismissal.**--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
   **(1)** is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
   **(2)** seeks monetary relief from a defendant who is immune from such relief.

immune from such relief.  See 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b). district courts may *sua sponte* dismiss complaints as untimely pursuant to the screening provisions of 28 U.S.C. § 1915 and 28 U.S.C. § 1915A if the untimeliness is clear from the face of the complaint or the court has given the plaintiff notice and an opportunity to respond with respect to the timeliness issue.  See, e.g., Jackson v. Rodriguez, 728 F. App'x 78, 79 (3d Cir. 2018) (nonprecedential);[4] McPherson v. United States, 392 F. App'x 938, 943 (3d Cir. 2010) (nonprecedential); Haggard v. Mitkowski, No. 1:22-CV-1881, 2022 WL 17812445, at *4 (M.D. Pa. Dec. 19, 2022) (Conner. J.).

## III.   Discussion

Section 1983 civil rights complaints brought by inmates in Pennsylvania are governed by Pennsylvania's two-year statute of limitations for personal injury actions.  Wisniewski v. Fisher, 857 F.3d 152, 157 (3d Cir. 2017).  The limitations period begins to run on the date that the plaintiff knew, or should have known, of the injury upon which the claim is based.  Id. (citing Sameric Corp. of Del. v. City of Phila., 142 F.3d 582, 599 (3d Cir. 1998)).

We find that the two-year limitations period for Robbins's claim began to run on September 23, 2020, the date Robbins was released from SCI-Huntingdon's restricted housing unit and placed in the general population cell where he was allegedly subjected to unconstitutional conditions of confinement.  (See Doc. 4-4 at

---

[4] The court acknowledges that nonprecedential decisions are not binding upon federal district courts.  Citations to nonprecedential decisions reflect that the court has carefully considered and is persuaded by the panel's *ratio decidendi*.

2).  Because Robbins filed his complaint approximately 29 months later, on February 8, 2023, it is facially untimely and subject to dismissal unless it can be deemed timely pursuant to statutory tolling or equitable tolling.

The limitations period for a Section 1983 action is statutorily tolled while a prisoner plaintiff attempts to exhaust administrative remedies.  Pearson v. Sec'y Dep't of Corrs., 775 F.3d 598, 603 (3d Cir. 2015).  We find, and Robbins agrees, that the limitations period for his complaint was tolled from October 15, 2020 to February 9, 2021 while he completed the DOC's grievance process.  (See Doc. 4-4; Doc. 10 at 3; Doc. 11 at 1; Doc. 12 at 1).[5]

Robbins argues that because the limitations period was tolled from October 15, 2020 to February 9, 2021, the court should deem the limitations period to have started on February 9, 2021.  (Doc. 10 at 3).  He asserts that his complaint is timely because it was filed on February 8, 2023, one day before the limitations period would have expired if it began on February 9, 2021.  (Id.)

Robbins's argument misapprehends the effect of tolling on a limitations period.  Tolling a limitations period *pauses* it or holds it in abeyance; it does not *restart* the limitations period.  See Artis v. District of Columbia, 583 U.S. __, 138 S. Ct. 594, 601 (2018) ("Ordinarily, 'tolled,' in the context of a time prescription . . .

---

[5] Plaintiff's original response to the court's show-cause order states that the tolling period began on October 25, 2020.  (See Doc. 10).  Plaintiff notes in his motion to correct the response and supporting brief that this was a clerical error and that the actual date the tolling period began was October 15, 2020.  (See Doc. 12 at 1).  We agree that October 15, 2020 is the correct date and will accordingly grant his motion to correct his response.  October 15, 2020 will be treated as the beginning of the statutory tolling period throughout this opinion.

means that the limitations period is suspended (stops running) while the claim is *sub judice* elsewhere, then starts running again when the tolling period ends, picking up where it left off."); cf. Lozano v. Montoya Alvarez, 572 U.S. 1, 10 (2014) (noting that equitable tolling doctrine "pauses the running of" a statute of limitations). When a period of statutory tolling ends, petitioners must file their petitions within two years minus the time that already accrued towards the end of the limitations period prior to statutory tolling. See Artis, 138 S. Ct. at 601.

Because 22 days elapsed towards the end of the limitations period between Robbins being released from the restricted housing unit on September 23, 2020 and filing his grievance on October 15, 2020, his complaint needed to be filed within 708 days of February 9, 2021, or no later than January 18, 2023 to comply with the two-year limitations period. His complaint, which was not filed until February 8, 2023, is untimely.

Robbins argues that the court has miscalculated the amount of time that accrued towards the end of the limitations period before he filed his grievance because DOC policy calculates the time in which an inmate may file a grievance based on working days after an incident rather than calendar days. (Doc. 10 at 2). According to Robbins, the court should deem 15 days—the amount of working days that accrued before he filed his grievance—to have elapsed towards the limitations period rather than 22 days. (Id.) This argument is immaterial. Assuming, *arguendo*, that 15 days elapsed towards the limitations period rather than 22 days,

his complaint would still need to be filed no later than January 25, 2023 and would still be untimely by 14 days.[6]

Robbins is not entitled to equitable tolling of the limitations period. Equitable tolling for Section 1983 actions is governed by state law. Pearson v. Sec'y Dept. of Corrs., 775 F.3d 598, 602 (3d Cir. 2015). Pennsylvania law allows a statute of limitations to be equitably tolled "when a party, through no fault of its own, is unable to assert its right in a timely manner." Nicole B. v. Sch. Dist. of Phila., 237 A.3d 986, 995 (Pa. 2020) (citing DaimlerChrysler Corp. v. Commonwealth, 885 A.2d 117, 119 n.5 (Pa. Commw. Ct. 2005)). Plaintiffs bear the burden of proof to show that the limitations period should be tolled under Pennsylvania law. Swietlovich v. Bucks Cnty., 610 F.2d 1157, 1162 (3d Cir. 1979). Robbins has not advanced any argument for equitable tolling and has accordingly failed to meet that burden. Robbins's complaint is untimely, and he has

---

[6] Robbins agrees that statutory tolling for his limitations period began on October 15, 2020. (See Doc. 10 at 3; Doc. 12 at 1). Hence, we do not construe his response to argue that the limitations period was tolled for the 15 working days prior to the filing of the grievance when he was permitted to file a grievance but had not yet done so. But even if the response were liberally construed to raise this argument, we would reject the argument. Our court of appeals has held that the limitations period for a Section 1983 action is statutorily tolled while a prisoner plaintiff exhausts administrative remedies, see Pearson, 775 F.3d at 603, but we are not aware of any decision from the court of appeals or the Supreme Court applying statutory tolling to the period between the underlying incident and the filing of the prisoner's grievance. This court has previously concluded that statutory tolling begins on the date the prisoner files his grievance. See Edens v. White, No. 1:18-CV-678, 2020 WL 1531220, at *4 (M.D. Pa. Mar. 31, 2020) (holding that limitations period was tolled beginning on the date plaintiff filed grievance and that seven calendar days that elapsed prior to filing the grievance were therefore deducted from the limitations period that remained after the statutory tolling period ended, meaning that plaintiff needed to file his complaint within 723 days of the statutory tolling period ending). We see no reason to depart from the *ratio decidendi* of Edens and accordingly conclude that the limitations period was not tolled between September 23, 2020 and October 15, 2020.

not advanced any arguments for equitable tolling. Consequently, we will dismiss the complaint.

## IV. <u>Conclusion</u>

We will dismiss this case with prejudice as untimely pursuant to 28 U.S.C. 1915(e)(2) and 28 U.S.C. § 1915A.  An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER<br>
Christopher C. Conner<br>
United States District Judge<br>
Middle District of Pennsylvania

Dated:    May 8, 2023