IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **VERNON D.F. ROBBINS,** | : | CIVIL ACTION NO. 1:23-CV-276 |
| **Plaintiff** | : | (Judge Conner) |
| v. | : | |
| **JOHN E. WETZEL,** *et al.*, | : | |
| **Defendants** | : | |

**MEMORANDUM**

This is a prisoner civil rights case filed pursuant to 42 U.S.C. § 1983. Plaintiff, Vernon D.F. Robbins, a prisoner in the Huntingdon State Correctional Institution ("SCI-Huntingdon"), alleges violations of his civil rights by SCI-Huntingdon and Pennsylvania Department of Corrections ("DOC") officials. The court dismissed the case with prejudice as untimely pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A on May 8, 2023. Robbins has filed a motion to alter the judgment. We will deny the motion.

**I.      Factual Background & Procedural History**

Robbins filed his complaint on February 8, 2023, and the court received and docketed the complaint on February 15, 2023. (Doc. 1). He filed an amended complaint on February 28, 2023. (Doc. 4). The amended complaint alleges that the conditions of Robbins's confinement increase the risk that he will contract COVID-19. (Id.) On March 31, 2023, the court *sua sponte* raised the issue of timeliness and directed Robbins to show cause as to why the case should not be dismissed as

untimely. (Doc. 9). After considering Robbins's response, the court dismissed the case with prejudice as untimely on May 8, 2023. (Docs. 13-14).

The court's memorandum dismissing the case noted that Robbins's civil rights claims are governed by Pennsylvania's two-year statute of limitations for personal injury actions. (Doc. 13 at 4). We concluded that the limitations period began to run on September 23, 2020, the date Robbins was released from the restricted housing unit and allegedly was subjected to unconstitutional conditions of confinement in general population. (Id.) Because the complaint was filed approximately 29 months after that date, we found that it was facially untimely and subject to dismissal unless it could be deemed timely on the basis of statutory or equitable tolling. (Id. at 5).

We found that the limitations period was statutorily tolled from October 15, 2020 to February 9, 2021 while Robbins pursued administrative remedies. (Id.) We noted Robbins's argument that the complaint is timely because it was filed on February 8, 2023, one day before the limitations period would have expired if it had begun on February 9, 2023, but rejected the argument, noting that tolling pauses a limitations period and does not restart the limitations period. (Id.) Thus, because 22 days had already elapsed towards the end of the limitations period between September 23, 2020 and October 15, 2020, Robbins's complaint "needed to be filed within 708 days of February 9, 2021, or no later than January 18, 2023" to comply with the limitations period. (Id. at 6).

Robbins argued that the court should have deemed 15 days to have elapsed towards the limitations period before October 15, 2020 rather than 22 days because

the DOC calculates the deadline for a prisoner to file a grievance based on working days rather than calendar days and only 15 working days had elapsed during that period. (Id.) We found this distinction immaterial because the complaint would be untimely whether the elapsed period was calculated as 22 days or 15 days. (Id.)

We additionally found that statutory tolling did not apply to the period between September 23, 2020 and October 15, 2020. (Id. at 7 n.6). We noted that we were unaware of any controlling precedent applying statutory tolling to the period between an underlying incident and the filing of a prisoner's grievance. (Id.) Given the absence of controlling precedent, we relied on our prior decision in Edens v. White, No. 1:18-CV-678, 2020 WL 1531220, at *4 (M.D. Pa. Mar. 31, 2020), which concluded that statutory tolling begins on the date the plaintiff files his grievance and not on the date of the underlying incident. (Doc. 13 at 7 n.6). Finally, we found that Robbins was not entitled to equitable tolling because he had not advanced any equitable tolling arguments. (Id. at 7-8).

Robbins filed the instant motion to alter judgment pursuant to Federal Rule of Civil Procedure 59(e) on June 1, 2023, and the court received and docketed the motion on June 7, 2023. (Doc. 16). Robbins has additionally appealed our decision to the United States Court of Appeals for the Third Circuit. (Docs. 17-18). The court considers Robbins's arguments for reconsideration below.

## II.   Legal Standard

Motions to alter or amend judgment under Federal Rule of Civil Procedure 59(e) must rely on at least one of the following three grounds: "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to

3

correct clear error of law or prevent manifest injustice." Wiest v. Lynch, 710 F.3d 121, 128 (3d Cir. 2013) (quoting Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010)); see also Max's Seafood Café v. Quinteros, 176 F.3d 669, 677-78 (3d Cir. 1999); Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985).  Parties may not invoke motions to alter or amend judgment to "relitigate old matters" or present previously available arguments or evidence.  See Exxon Shipping Co. v. Baker, 554 U.S. 471, 485 n.5 (2008) (citation omitted); Kropa v. Cabot Oil & Gas Corp., 716 F. Supp. 2d 375, 378 (M.D. Pa. 2010).

### III.   Discussion

We liberally construe Robbins's motion to advance five arguments for reconsideration.  We address these arguments *seriatim*.

Robbins's first argument is that the court committed a clear error of law in deeming his complaint untimely because none of his administrative grievances or appeals were rejected as untimely by the DOC.  (Doc. 16 at 6).  This argument is immaterial.  Timeliness of an administrative grievance may be relevant to whether a prisoner plaintiff has exhausted administrative remedies, but it is irrelevant to the question of whether his complaint in federal court is timely.

The second argument for reconsideration is that the court erred by concluding that the limitations period began to run on September 23, 2020 because Robbins did not state on the face of his amended complaint that he was aware of his injury on September 23, 2020.  (Id.)

We find this argument unpersuasive.  Robbins clearly alleged facts in his amended complaint and attached exhibits indicating that he was subjectively aware

4

of his alleged injury—the increased risk of contracting COVID-19—beginning on September 23, 2020.  (See Doc. 4 ¶ 13 ("On September 23, 2020, Plaintiff Robbins was released from the Restricted Housing Unit . . . and placed in a double cell with another inmate on CA-Unit within SCI Huntingdon during the height of the COVID-19 pandemic of which subjected Robbins to the high risk, imminent and immediate danger of contracting the COVID-19 virus." (minor spelling errors corrected)); Doc. 4-4 at 2 ("On 9/23/20, I was released from the Restricted Housing Unit . . . and placed on CA Unit in cell 2013 with a cellmate and/or "double-celled" with another individual.  This form/type of placement subjects me to immediate danger of contracting the COVID-19 virus . . . by being housed in a cell with another prisoner which creates the inability to practice social distancing.").)

      Robbins next argues that the court committed a clear error of law by citing nonprecedential decisions of our court of appeals for the proposition that courts may dismiss complaints as untimely under the screening provisions of 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A "if the untimeliness is clear from the face of the complaint or the court has given the plaintiff notice and an opportunity to respond with respect to the timeliness issue."  (Id. at 8 (citing Doc. 13 at 4)).  Robbins argues this statement is contrary to controlling precedent stating that complaints may only be dismissed as untimely at the pleading stage if the untimeliness is apparent from the face of the complaint.  (Id. at 9).  This distinction is immaterial because the untimeliness of Robbins's claims is apparent from the face of his complaint.  Hence, we find this is not an appropriate basis for reconsideration.

5

Robbins's fourth argument is that the court erred in finding that no controlling precedent applied statutory tolling to the time between an underlying incident and the plaintiff filing a grievance because both <u>Paluch v. Sec'y Pa. Dep't of Corrs.</u>, 442 F. App'x 690 (3d Cir. 2011) and <u>Wisniewski v. Fisher</u>, 857 F.3d 152 (3d Cir. 2017) did so. (Doc. 16 at 9-10).

Robbins misconstrues <u>Paluch</u> and <u>Wisniewski</u>. In <u>Paluch</u>, a prisoner plaintiff brought suit based on an alleged assault on September 9, 2004 and the district court dismissed several of his claims as untimely. <u>Paluch</u>, 442 F. App'x at 693-94. The court of appeals affirmed, noting in relevant part that the limitations period for the plaintiff's complaint was tolled from September 10, 2004, when he filed a grievance about the assault, to January 24, 2005, when his final administrative appeal was denied. <u>Id.</u> at 694. <u>Paluch</u> is distinguishable from the instant case because the plaintiff in <u>Paluch</u> filed a grievance the day after the assault in question, meaning that no time accrued towards the end of the limitations period before the filing of his grievance. <u>See</u> FED. R. CIV. P. 6(a)(1)(A) (noting that when a time period is stated in days, courts must "exclude the day of the event that triggers the period" when calculating the period).

In <u>Wisniewski</u>, a prisoner plaintiff who was employed as an inmate legal reference aide alleged that numerous defendants violated his constitutional rights after learning that he was assisting a "notoriously litigious" inmate in filing grievances against prison officials. <u>Wisniewski</u>, 857 F.3d at 154. The district court dismissed several of the plaintiff's claims as untimely, but the court of appeals reversed. The court noted that the limitations period is tolled while an inmate

6

pursues administrative relief and stated that the allegations of the plaintiff's complaint "did not rule out the possibility that the statute of limitations should have been tolled while Wisniewski exhausted his administrative remedies." Id. at 158. "For example," the court continued, "Wisniewski alleged multiple instances of retaliatory conduct from approximately April 2011 through November 2011, during which time he was also filing numerous related grievances." Id. Given this uncertainty, the court found that it was not apparent from the face of the complaint that the plaintiff's claims were untimely. Id.

Wisniewski does not hold that statutory tolling applies to the period between an underlying incident and the filing of a grievance. Instead, it stands for the well-established proposition that the limitations period is tolled while a prisoner pursues administrative remedies. See id. at 158. The Wisniewski court overruled dismissal of the case on timeliness grounds because it was not clear from the face of the complaint whether tolling applied to the facts of the case. But no such lack of clarity is present in this case: the court has found, and Robbins agrees, that he pursued administrative remedies from October 15, 2020 to February 9, 2021 and that the limitations period was tolled for the entirety of this period. (See Doc. 13 at 5). Robbins argues that tolling should also encompass the 22-day period between when he was removed from the RHU and when he filed his grievance on October 15, 2020, but Wisniewski and Paluch are silent on this point.

Finally, Robbins argues that our reliance on our prior decision in Edens constitutes legal error because our paraphrased statement of the Edens holding does not appear in Edens and because Edens was decided at the summary

judgment stage rather than the screening stage.  (Id. at 10-11).  Robbins argues this distinction is material because summary judgment proceedings are based on a full evidentiary record while screening reviews are based solely on the allegations in the complaint.  (Id. at 11).

This argument is without merit.  Our decision in this case summarized Edens in an explanatory parenthetical as "holding that [the] limitations period was tolled beginning on the date plaintiff filed [his] grievance and that seven calendar days that elapsed prior to filing the grievance were therefore deducted from the limitations period that remained after the statutory tolling period ended, meaning that plaintiff needed to file his complaint within 723 days of the statutory tolling period ending."  (See Doc. 13 at 7 n.6).  This is an accurate summary of Edens, where we stated the following:

> It is undisputed that Edens knew or should have known of the loss of his legal materials on December 23, 2015, when he spoke to defendant White.  Therefore, the statute of limitations began running on that date.  Absent any tolling, the limitations period would have expired on or about December 26, 2017.  However, the period was tolled from December 30, 2015 through March 4, 2016, the time that Edens pursued administrative relief through the grievance process.  When the limitations period began running again, there were approximately 723 days of the two-year filing period remaining, resulting in a required filing date of February 26, 2018.

8

Edens, 2020 WL 1531220, at *4.[1]

It is also immaterial that Edens was decided at the summary judgment stage. The court cited Edens for the legal rule that the limitations period for a Section 1983 claim is not tolled between the date of the underlying incident and the date the plaintiff files an administrative grievance. This rule applies at all stages of litigation; it is not limited to cases with a developed summary judgment record.

## IV.    Conclusion

We will deny Robbins's motion to alter judgment because he has not presented any meritorious arguments to reconsider our prior decision dismissing this case as untimely. An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:    June 8, 2023

---

[1] It appears that Robbins may also be arguing that the court erred because the wording of the explanatory parenthetical summarizing Edens did not directly quote Edens. (See Doc. 16 at 11 ("[T]he citing of this said specific excerpt within Eden[s] . . . would be a misapplication of law for said cited above excerpt is not found/identified and/or not located at the case citing specified by this Court.")). This argument is frivolous. Paraphrasing the holding of a prior decision is a common and accepted practice in legal citations. See, e.g., THE BLUEBOOK: A UNIFORM SYSTEM OF CITATION R. 1.5(a)(i), at 65 (Columbia L. Rev. Ass'n et al. eds. 21st ed. 2020).